UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MIGUEL OMAR OJEDA-ENRIQUEZ,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br><br>WARDEN, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 2:18-cv-01207-RFB-VCF<br><br>ORDER |

Before the Court are Petitioner Miguel Omar Ojeda-Enriquez's motions for discovery and to stay the case. ECF Nos. 23, 24.  Respondents filed responses to both motions and Ojeda-Enriquez replied. ECF Nos. 25- 28.

**I.     Background and Procedural History**

Ojeda-Enriquez states that he pleaded guilty to two counts of sexual assault on a child under fourteen. ECF No. 23, 4. He was sentenced to two consecutive terms of 35 years to life. ECF No. 12,  8. In June 2018, Ojeda-Enriquez submitted a *pro se* habeas petition and motion for appointment of counsel. See ECF No. 1 and attachments; ECF No. 4. The Court appointed the Federal Public Defender (FPD) as Petitioner's counsel, and Ojeda-Enriquez filed a counseled, first-amended petition. ECF Nos. 7, 12.  He made it clear that the expiration of the statute of limitations was imminent and that the first-

1

amended petition was filed to preserve all potential claims for relief pending counsel's full review and investigation of the case.  Contemporaneously with the first-amended petition, Ojeda-Enriquez filed a motion for leave to file a second-amended petition, which the Court granted. ECF Nos. 14, 16.  Now he has filed a motion for discovery as well as a motion for stay or in the alternative for an extension of time to file the second-amended petition. ECF Nos. 23, 24. Respondents filed an opposition to the motion for discovery. ECF No. 26.  Petitioner replied. ECF No. 27.  Respondents filed an opposition to the motion to stay, though they also stated that they did not, in principle, oppose an extension of time to file an amended petition. ECF No. 25.  Petitioner replied. ECF No. 28.

## II.     Motion for Discovery

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." If, through "specific allegations before the court," the petitioner can "'show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'"  Bracy v. Gramley, 520 U.S. 899, 908 –09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  The Supreme Court noted that the facts of Bracy made it an abuse of discretion not to allow discovery, "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court."  Bracy, 520 U.S. at 909.

However, discovery in a federal habeas action does not necessarily extend to unexhausted federal claims. Calderon v. U.S. Dist. Court for the E. Dist. of California ("Roberts"), 113 F.3d 149 (9th Cir. 1997) (finding that district court's grant of

discovery was "inappropriate" when habeas petition contained unexhausted claims). Moreover, in Cullen v. Pinholster, 563 U.S. 170, 183–84 (2011), the Supreme Court held that if a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of section 2254(d)(1) based upon the record that was before that state court.

Generally, with respect to a claim adjudicated on the merits in state court, evidence not presented to the state courts may not be introduced on federal habeas corpus review, so long as the state court's factual findings were not unreasonable. See Murray v. Schriro, 745 F.3d 984, 999 (9th Cir. 2014). However, when determining whether a petitioner has established cause to excuse a procedural default of a claim for ineffective assistance of counsel pursuant to Martinez v. Ryan, the Court may consider that evidence to grant habeas relief on the underlying claim. Jones v. Shin, 943 F.3d 1211, 1215 (9th Cir. 2019).

Here, Ojeda-Enriquez first argues that he can show good cause for discovery (ECF No. 23, pp. 4-5). He sustained a gunshot wound to the head before the crimes to which he pled guilty occurred. His current counsel has retained a neurologist who has said that there are links between brain injuries in the region where Ojeda-Enriquez sustained his injury and changes in sexual behavior and preferences. The neurologist said such injuries can also cause irresistible impulses. The neurologist recommended that Ojeda-Enriquez undergo a brain CT scan in order to isolate the exact region that was impacted by the gunshot wound. Ojeda-Enriquez contends that the requested CT scan would at a minimum support claims of ineffective assistance of counsel, which were raised in Grounds 12. Id. Petitioner further argues that such evidence could support a possible Martinez claim. See Martinez v. Ryan, 566 U.S. 1 (2012) (habeas petitioner can establish

3

cause for procedural default of claim of ineffective assistance of counsel at trial with showing of inadequate assistance of counsel at initial review collateral proceeding).

Respondents assert that the Supreme Court in Bracy held that Rule 6 was meant to be applied consistently with the opinion in Harris v. Nelson, 394 U.S. 286 (1969). Harris, in turn, held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris, 394 U.S. at 300. They argue that the discovery request is premature because Ojeda-Enriquez has not yet filed a second-amended petition and therefore there is no way to determine at this time what claims, if any, the requested discovery would or would not support. Further, Respondents point out that Ojeda-Enriquez has made no mention of presenting his discovery request or the results thereof to the state courts.

As a preliminary matter, the Court disagrees with Respondents that the motion is premature. Petitioner has filed an amended petition and been granted leave to amend that petition, and the Court finds that this is sufficient to give Respondents notice of the claims for which Petitioner seeks discovery. See McDaniel v. U.S. Dist. Court for the Dist. of Nev., 127 F.3d 886, 887 – 88 (9th Cir. 1997). Ojeda-Enriquez seeks discovery in the form of a CT scan of his brain to attempt to identify the specific region where he sustained an injury; depending on what or whether a region is identified by a scan.  Unlike other cases in which the Ninth Circuit has upheld a district court's failure to find good cause to award discovery, what Petitioner seeks is clear—one CT scan—and the discovery does not unnecessarily burden the state. Compare with Earp v. Davis, 881 F.3d 1135, 1144 (9th Cir. 2018) (rejecting request for further discovery regarding possible prosecutorial

misconduct when missing evidence already permitted adverse inference sought by petitioner).  To the extent that there may be a question as to whether  Petitioner has clearly developed the factual basis for such discovery and legal claims in the state courts, Bracy does not require that the Court make that determination at this point, and if Petitioner has and raises a valid Martinez claim, the issue may be moot. The Court therefore grants Petitioner's motion for discovery.

### III.     Motion for Stay or Extension of Time

Ojeda-Enriquez has also moved for a stay of these federal proceedings (ECF No. 24). The FPD explains that the necessary investigation into Ojeda-Enriquez's gunshot wound to the head and any brain injury and possible link to the crimes at issue is anticipated to be time-consuming. Counsel notes that they are working with prison officials to schedule a time when the retained neurologist can meet with Ojeda-Enriquez. Counsel also states that additional records, including from a government agency, need to be obtained. This Court has the inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). Moreover, the Court is mindful that current restrictions and safety protocols in response to the COVID-19 pandemic, including strict limitations on visitation in Nevada prisons, the tele-work of the FPD, and the Nevada guidelines regarding social distancing and non-essential commerce and activities, will impact counsel's ability to investigate this case and prepare the amended petition at this time.[1] There is no indication here that petitioner seeks a stay for the purposes of delay. The motion for stay is, therefore, granted. In granting the stay, however, the Court makes

---

[1] See, e.g., http://doc.nv.gov/About/Press_Release/covid19_updates/; nvhealthresponse.nv.gov.

5

no assurances as to whether any claims in the second-amended petition will be considered timely.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's motion for discovery (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for issuance of stay and abeyance (ECF No. 24) of this federal habeas corpus proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED**.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case when counsel concludes investigation of his case.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the Court grants a motion to reopen the matter.

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time to file a second-amended petition (ECF No. 22) is **DENIED** as moot.

DATED: 13 July 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**