# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MIGUEL OMAR OJEDA-ENRIQUEZ,

Petitioner,

v.

WARDEN, LCC, *et al.*,

Respondents.

Case No. 2:18-cv-01207-RFB-NJK

**ORDER**

In Miguel Omar Ojeda-Enriquez's 28 U.S.C. § 2254 habeas corpus petition, he challenges his convictions for the sexual assault of a child, arguing that his sentence violated his constitutional rights and that his plea counsel was ineffective. See ECF No. 45. Respondents move to dismiss one ground in the Petition as unexhausted/procedurally barred. See ECF No. 50. Because the Court defers consideration of whether the claim is procedurally defaulted to the merits adjudication, the motion to dismiss is denied.

**I.     BACKGROUND**

In November 2012, in the Second Judicial District Court of Washoe County, Nevada, Petitioner pleaded guilty to two counts of sexual assault on a child under the age of fourteen. See ECF No. 46-29. The state district court sentenced him to two consecutive terms of 35 years to life in prison. See ECF No. 46-31. Judgment of conviction was entered on January 24, 2013. See ECF No. 46-32. The Nevada Supreme Court affirmed Petitioner's convictions in July 2013, and the Nevada Court of Appeals affirmed the denial of his state post-conviction habeas corpus petition in December 2017. See ECF Nos. 57-2; 48-13.

Petitioner commenced this federal habeas petition in July 2018. See ECF No. 8. The Court granted his motion for appointment of counsel and Petitioner ultimately filed the Second Amended Petition through the Federal Public Defender in December 2024. The petition raises the following

grounds:

> Ground 1: The plea and conviction are invalid because Petitioner's sentence violated the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 2: Trial counsel was ineffective for allowing Petitioner to enter into a plea agreement that was not knowing, voluntary, and intelligent.
>
> Ground 3: Counsel was ineffective for failing to present substantial mitigation evidence at sentencing.

ECF No. 45 at 9-22.

Respondents now move to dismiss ground 3 of the Petition as unexhausted/procedurally barred. See ECF No. 50.

## II. DISCUSSION

### A. Ground 3 Is Unexhausted, and the Court Defers a Determination on Procedural Default to the Merits Review

Petitioner acknowledges that he has not fairly presented ground 3—the claim that counsel ineffectively failed to present substantial mitigation evidence at sentencing—to the Nevada state courts.[1] See ECF No. 55 at 2. He agrees that the claim is technically exhausted and procedurally barred because the Nevada courts would not consider the claim on the merits if he tried to return to state court. He insists instead that he can overcome the procedural default of ground 3 under Martinez v. Ryan, 566 U.S. 1 (2012).

A state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. See Coleman v. Thompson, 501 U.S. 722, 731–32 (1991). Where a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

Ineffective assistance of post-conviction counsel may serve as adequate cause. See

---

[1] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. Bland v. Calif. Dept. of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994).

Martinez v. Ryan, 566 U.S. 1, 17 (2012). "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 17; see also Trevino v. Thaler, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under Martinez).

Here, Petitioner argues that he can demonstrate cause and prejudice to overcome the procedural bars because his state post-conviction counsel was ineffective, and the claim is substantial. Respondents dispute that his postconviction counsel performed deficiently and that he was prejudiced under Strickland v. Washington, 466 U.S. 668 (1984). Respondents also dispute that the claim is substantial under Martinez.

Because the question of procedural default is intertwined with the underlying merits of the claim, full merits briefing may assist the Court with its determination, and best serves judicial efficiency. Therefore, the Court defers a decision on whether ground 3 is procedurally defaulted from federal review to the merits adjudication.

### III. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 50) is **DENIED**. The Court defers a determination on whether ground 3 is procedurally barred to the merits review.

**IT IS FURTHER ORDERED** that Respondents have 60 days from the date this order is entered within which to file an answer to the Second Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner has 45 days following service of Respondents' answer in which to file a reply.

**DATED:** September 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**